UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE MARRERO**

NEPHTY CRUZ and MICHAEL BALLETTO, as TRUSTEES OF THE DISTRICT 6 INTERNATIONAL UNION OF INDUSTRIAL, SERVICE, TRANSPORT AND HEALTH EMPLOYEES HEALTH PLAN and THE DISTRICT 6 INTERNATIONAL UNION OF INDUSTRIAL, SERVICE, TRANSPORT AND HEALTH EMPLOYEES PENSION PLAN,

**'07 CIV 9560**

Plaintiffs,

-against-

C.S. BROWN, INC.,

Defendant.

**COMPLAINT**



Plaintiffs, by and through their attorneys, Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC, as and for their complaint, respectfully allege as follows:

<u>**NATURE OF THE ACTION**</u>

1.    This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act (1974), as amended, 29 U.S.C. §§ 1132(a)(3), 1145 ("ERISA"), and Section 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185 ("Taft-Hartley Act"), by multiemployer health and pension benefit funds through their respective Boards of Trustees, for injunctive and other equitable relief under ERISA and for breach of contract to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions and/or reports to the Plans. This Complaint alleges that by failing, refusing or neglecting to pay and submit the required monetary contributions and reports to the Plans, Defendant violated its collective bargaining agreements

with the Union and the respective trust agreements with the Health and Pension Plans, as well as committed violations of ERISA.

## JURISDICTION

2.      This Court has federal question jurisdiction over this action pursuant to 29 U.S.C. § 1331, 29 U.S.C. § 185 and 29 U.S.C. § 1132(e)(1).  Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) and 29 U.S.C. § 185(a).

## THE PARTIES

3.      Nephty Cruz and Michael Balletto are the Trustees of the District 6 International Union of Industrial, Service, Transport and Health Employees Heath Plan, a multi-employer labor-management trust fund, organized and operated pursuant to a collective bargaining agreement in accordance with Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). The District 6 International Union of Industrial, Service, Transport and Health Employees Heath Plan (the "Health Plan") is an employee benefit plan within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(1), (2), (3), and 1132(d)(1), and multi-employer plan within the meaning of Sections 3(37) and 515 of ERISA, 29 U.S.C. §§ 1002(37) and 1145.  The Health Plan is administered at 730 Broadway, New York, New York 10003.

4.      Nephty Cruz and Michael Balletto are the Trustees of the District 6 International Union of Industrial, Service, Transport and Health Employees Pension Plan, a multi-employer labor-management trust fund, organized and operated pursuant to a collective bargaining agreement in accordance with Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). The District 6 International Union of Industrial, Service, Transport and Health Employees Pension Plan (the "Pension Plan") is an employee benefit plan within the meaning of Sections

3(2), 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(37) and 1145. The Pension Plan is administered at 730 Broadway, New York, New York 10003.

5.    Upon information and belief, at all times relevant hereto, Defendant CS Brown was and is a corporation doing business in the State of New York as an employer within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145, and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185. Upon information and belief, Defendant C.S. Brown, Inc. ("CS Brown"), maintains its principal place of business at 12 East Tremont Avenue, Bronx, New York 10453.

## BACKGROUND

6.    The Plaintiff Plans collectively provide health and pension benefits to members of District 6 International Union of Industrial, Service, Transport and Health Employees (the "Union").

7.    Defendant CS Brown is signatory to the Collective Bargaining Agreement with the Union establishing the terms and conditions of employment for Defendant's employees performing work covered by the Collective Bargaining Agreement within the geographical jurisdiction of the Union.

8.    Pursuant to the Collective Bargaining Agreement, Defendant CS Brown agreed to pay to the Plaintiff Health and Pension Plans benefit contributions and to forward dues checkoffs to the Union for each hour worked by employees covered by the Collective Bargaining Agreement.

9.    Upon information and belief, at all relevant times, Defendant CS Brown employed certain employees covered under the Collective Bargaining Agreement.

10.     Defendant CS Brown has not fulfilled its statutory and contractual obligations to pay the required health and/or pension benefit contributions to the Plaintiff Health and Pension Plans on behalf of employees who perform work covered by the Collective Bargaining Agreement.

11.     In January 2007, representatives of the Plaintiff Health Plan conducted an audit of CS Brown's books and records for the period covering January 1, 2003 through October 31, 2005.

12.     The audit revealed that CS Brown owed benefit contributions to the Plaintiff Health Plan in the principal amount of $36,610.00 for the period from January 1, 2003 through October 31, 2005; interest thereon in the amount of $13,527.15; and liquidated damages in the amount of $7,322.00.

13.     The audit revealed that CS Brown owed benefit contributions to the Plaintiff Pension Plan in the principal amount of $4,346.03 for the period from January 1, 2003 through October 31, 2005; interest thereon in the amount of $1,413.68; and liquidated damages in the amount of $869.21.

## FIRST CLAIM FOR RELIEF

14.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 13 hereof.

15.     As a result of work performed by individual employees of Defendant CS Brown, pursuant to the Collective Bargaining Agreement, there became due and owing to the Plaintiff Health Plan from Defendant CS Brown benefit in the amount of $36,610.00 for the period from January 1, 2003 through October 31, 2005, interest thereon in the amount of $13,527.15, and

liquidated damages in the amount of $7,322.00, plus audit costs, reasonable attorneys' fees and other expenses incurred in connection with the auditing and collection procedures.

16.    No part of the benefit contributions contractually due the Plaintiff Health Plan has been paid by Defendant CS Brown, and the Health Plan has been damaged in the amount of $36,610.00 for the period from January 1, 2003 through October 31, 2005, interest thereon in the amount of $13,527.15, and liquidated damages in the amount of $7,322.00.

17.    Defendant CS Brown's failure to make the required contributions to the Plaintiff Health Plan constitutes a violation of the Collective Bargaining Agreement.

18.    Accordingly, Defendant CS Brown is liable to the Plaintiff Health Plan as and for benefit in the amount of $36,610.00 for the period from January 1, 2003 through October 31, 2005, interest thereon in the amount of $13,527.15, and liquidated damages in the amount of $7,322.00, plus audit costs, reasonable attorneys' fees and other expenses incurred in connection with the auditing and collection procedures.

## SECOND CLAIM FOR RELIEF

19.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 18 hereof.

20.    As a result of work performed by individual employees of Defendant CS Brown, pursuant to the Collective Bargaining Agreement, there became due and owing to the Plaintiff Pension Plan from Defendant CS BRown benefit contributions in the amount of $4,346.03 for the period from January 1, 2003 through October 31, 2005, interest thereon in the amount of $1,413.68, and liquidated damages in the amount of $869.21, plus audit costs, reasonable attorneys' fees and other expenses incurred in connection with the auditing and collection procedures.

21.    No part of the benefit contributions contractually due the Plaintiff Pension Plan has been paid by Defendant CS Brown, and the Pension Plan has been damaged in the amount of $4,346.03 for the period from January 1, 2003 through October 31, 2005, interest thereon in the amount of $1,413.68, and liquidated damages in the amount of $869.21.

22.    Defendant CS Brown's failure to make the required contributions to the Plaintiff Pension Plan constitutes a violation of the Collective Bargaining Agreement.

23.    Accordingly, Defendant CS Brown is liable to the Plaintiff Pension Plan as and for benefit contributions in the amount of $4,346.03 for the period from January 1, 2003 through October 31, 2005, interest thereon in the amount of $1,413.68, and liquidated damages in the amount of $869.21, plus audit costs, reasonable attorneys' fees and other expenses incurred in connection with the auditing and collection procedures.

## THIRD CLAIM FOR RELIEF

24.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 23 hereof.

25.    Section 515 of ERISA, 29 U.S.C. § 1145, requires employers to pay benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

26.    Upon information and belief, Defendant CS Brown, by the terms of the Collective Bargaining Agreement, failed to pay and submit the required monetary contributions in the amount of $36,610.00 for the period from January 1, 2003 through October 31, 2005 to the Plaintiff Health Plan due as a result of work performed by individual employees of Defendant CS Brown. Such failure to make payment and submit reports constitutes a violation of Section 515 of ERISA, 29 U.S.C. § 1145.

27.     Section 502 of ERISA, 29 U.S.C. § 1132, provides that, upon a finding of an employer violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to a plaintiff fund the unpaid benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under the plaintiff fund's plan or, if none, as set forth in the United States Internal Revenue Code, 26 U.S.C. § 6621, together with reasonable attorneys' fees and costs and disbursements incurred in the action.

28.     Accordingly, Defendant CS Brown is liable to the Plaintiff Health Plan for the payment and submission of the required monetary contributions in the amount of $36,610.00 for the period from January 1, 2003 through October 31, 2005, and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

<u>**FOURTH CLAIM FOR RELIEF**</u>

29.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 28 hereof.

30.     Section 515 of ERISA, 29 U.S.C. § 1145, requires employers to pay benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

31.     Upon information and belief, Defendant CS Brown, by the terms of the Collective Bargaining Agreement, failed to pay and submit the required monetary contributions in the amount of $4,346.03 for the period from January 1, 2003 through October 31, 2005 to the Plaintiff Pension Plan due as a result of work performed by individual employees of Defendant CS Brown. Such failure to make payment and submit reports constitutes a violation of Section 515 of ERISA, 29 U.S.C. § 1145.

32.     Section 502 of ERISA, 29 U.S.C. § 1132, provides that, upon a finding of an employer violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to a plaintiff fund the unpaid benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under the plaintiff fund's plan or, if none, as set forth in the United States Internal Revenue Code, 26 U.S.C. § 6621, together with reasonable attorneys' fees and costs and disbursements incurred in the action.

33.     Accordingly, Defendant CS Brown is liable to the Plaintiff Pension Plan for the payment and submission of the required monetary contributions in the amount of $4,346.03 for the period from January 1, 2003 through October 31, 2005, and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

## FIFTH CLAIM FOR RELIEF

34.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 33 hereof.

35.     Pursuant to the terms and conditions of the Collective Bargaining Agreement, Defendant CS Brown is required, *inter alia*, to permit and cooperate with the Health and Pension Plans and their designated representatives in the conduct of an audit of Defendant CS Brown's books and records for the period November 1, 2005 through the present, including, but not limited to, all time books, payroll and wage records of the Employer for the purpose of ascertaining the amount of benefit contributions due the Health and Pension Plans from Defendant CS Brown, and verifying the accuracy of the employer contribution reports filed by Defendant CS Brown.

36.    Accordingly, pursuant to the terms and conditions of the Collective Bargaining Agreement, the Health and Pension Plans demand an order directing Defendant CS Brown to permit and cooperate with the Health and Pension Plans and their designated representatives in the conduct of an audit of CS Brown's books and records for the period November 1, 2005 through the present.

## SIXTH CLAIM FOR RELIEF

37.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 36 hereof.

38.    Pursuant to the Contribution Collection and Payroll Audit Policy adopted by the Trustees of the Health and Pension Plans, Defendant CS Brown is obligated, *inter alia*, to pay the costs of the audit of their books and records if Defendant CS Brown is found to owe delinquent contributions in excess of $500, or in the event that the employer refuses, resists or impedes any payroll audit by the Fund.

39.    Upon information and belief, Defendant CS Brown refused, resisted and/or impeded a payroll audit by the Plaintiff Health and Pension Plans.

40.    Accordingly, Defendant CS Brown is liable to the Plaintiff Health and Pension Plans as and for the cost of the audit, plus the reasonable costs and attorneys' fees incurred in bringing this action.

## SEVENTH CLAIM FOR RELIEF

41.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 40 hereof.

42.    Pursuant to the terms and conditions of the Collective Bargaining Agreement, Defendant CS Brown is required to permit and cooperate in the conduct of audit of Defendant CS

9

Brown's books and records for so long as Defendant remains obligated to do so pursuant to the Collective Bargaining Agreement.

43.    Upon information and belief, Defendant CS Brown has failed to permit and cooperate in the conduct of an audit of its books and records, and is currently in breach of its obligations under the Collective Bargaining Agreement. Defendant's prior conduct demonstrates a significant likelihood that it will continue to breach the terms of the Collective Bargaining Agreement.

44.    Plaintiffs have no adequate remedy at law to insure that Defendant CS Brown will adhere to the terms of the Collective Bargaining Agreement.

45.    Plaintiff Health and Pension Plans will suffer immediate and irreparable injury unless Defendant CS Brown and its officers, agents, servants and employees are enjoined from failing, refusing or neglecting to permit and cooperate in the conduct of audits for so long as Defendant remains obligated to do so pursuant to the Collective Bargaining Agreement.

46.    Accordingly, Plaintiff Health and Pension Plans request that this Court issue an injunction permanently enjoining Defendant CS Brown, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from failing, refusing or neglecting to permit and cooperate in the conduct of audits for the term of the Collective Bargaining Agreement.

**WHEREFORE,**

(1)    Plaintiff Health Plan demands judgment on its First Claim for Relief against CS Brown as and for benefit contributions in the amount of $36,610.00 for the period from January 1, 2003 through October 31, 2005, interest thereon in the amount of $13,527.15, and liquidated

damages in the amount of $7,322.00, plus audit costs, reasonable attorneys' fees and other expenses incurred in connection with the auditing and collection procedures;

(2)     Plaintiff Pension Plan demands judgment on its Second Claim for Relief against CS Brown as and for benefit contributions in the amount of $4,346.03 for the period from January 1, 2003 through October 31, 2005, interest thereon in the amount of $1,413.68, and liquidated damages in the amount of $869.21, plus audit costs, reasonable attorneys' fees and other expenses incurred in connection with the auditing and collection procedures;

(3)     Plaintiff Health Plan demands judgment on its Third Claim for Relief against Defendant CS Brown for the payment and/or submission of all delinquent benefit contributions and for statutory damages, together with reasonable attorneys' fees, interest on the unpaid and/or untimely paid principal, and costs and disbursements incurred in this action, pursuant to Section 502 of ERISA, 29 U.S.C. § 1132;

(4)     Plaintiff Pension Plan demands judgment on its Fourth Claim for Relief against Defendant CS Brown for the payment and/or submission of all delinquent benefit contributions and for statutory damages, together with reasonable attorneys' fees, interest on the unpaid and/or untimely paid principal, and costs and disbursements incurred in this action, pursuant to Section 502 of ERISA, 29 U.S.C. § 1132;

(5)     Plaintiff Health and Pension Plans demand judgment on their Fifth Claim for Relief for an order directing Defendant CS Brown to permit and cooperate with the Health and Pension Plans and their designated representatives in the conduct of an audit of CS Brown's books and records for the period November 1, 2005 through the present;

(6)     Plaintiff Health and Pension Plans demand judgment on their Sixth Claim for Relief against CS Brown as and for the cost of the audit, plus the reasonable costs and attorneys' fees incurred in bringing this action;

(7)     Plaintiff Health and Pension Plans demand judgment on their Seventh Claim for Relief against CS Brown permanently enjoining Defendant, its officers, agents, servants, employees and all persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise from failing, refusing or neglecting to permit and cooperate in the conduct of audits for the term of the Collective Bargaining Agreements; and

(8)     granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       October 17, 2007

BARNES, IACCARINO, VIRGINIA,
AMBINDER & SHEPHERD, PLLC

By:    _____
       Charles R. Virginia, Esq. (CV 8214)
       111 Broadway, Suite 1403
       New York, New York 10006
       Office Tel. No.: (212) 943-9080
       *Attorneys for Plaintiffs*

U:\Winword Documents\District 6 Benefit Funds\Collections\CS Brown\Complaint, Oct 2007.doc