UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEPHTY CRUZ and MICHAEL BALLETTO, as TRUSTEES OF THE DISTRICT 6 INTERNATIONAL UNION OF INDUSTRIAL, SERVICE, TRANSPORT AND HEALTH EMPLOYEES HEALTH PLAN and THE DISTRICT 6 INTERNATIONAL UNION OF INDUSTRIAL, SERVICE, TRANSPORT AND HEALTH EMPLOYEES PENSION PLAN<br><br>Plaintiffs,<br><br>-against-<br><br>C.S. BROWN, INC.,<br><br>Defendant. | 07 Civ. 9560<br><br>SETTLEMENT AGREEMENT |

This Settlement Agreement ("Agreement") is entered into this 27th day of August 2008 by and between the Plaintiffs n/k/a District 6 Health Plan and District 6 Pension Plan (hereinafter, sometimes collectively referred to as the "District 6 Plans" or the "Plans"), and C.S. Brown, Inc. ("C.S. Brown").

### WITNESSETH:

**WHEREAS**, in accordance with a collective bargaining agreement (the "Collective Bargaining Agreement") entered into by C.S. Brown and District 6 International Union of Industrial, Service, Transport and Health Employees (the "Union"), a payroll compliance audit of C.S. Brown was conducted by the District 6 Plans' auditors covering the period January 1, 2003 through October 31, 2005 (the "Relevant Audit Period"); and

**WHEREAS**, on February 1, 2007, the Plans' auditors issued audit findings for the Relevant Audit Period indicating that C.S. Brown owed: (1) unreported contributions to the District 6 Pension Plan in the amount of $4,346.03, interest thereon in the amount of $492.50 and

liquidated damages thereon in the amount of $869.21; and (2) unreported contributions to the District 6 Health Plan in the amount of $42,980.00, interest thereon in the amount of $4,347.80, and liquidated damages thereon on the amount of $8,596.00; and

**WHEREAS**, C.S. Brown disputed the audit findings; and

**WHEREAS**, in October 2007, the Plans' auditors transmitted to C.S. Brown a revised audit report indicating that C.S. Brown owed $70,013.06 to the District 6 Plans for the Relevant Audit Period consisting of: (1) unreported contributions to the District 6 Pension Plan in the amount of $6,628.91, plus interest and liquidated damages thereon; (2) unreported contributions to the District 6 Health Plan in the amount of $57,459.15, plus interest and liquidated damages thereon; and (3) audit costs in the amount of $5,925.00; and

**WHEREAS**, in October 2007 the District 6 Plans commenced a lawsuit against C.S. Brown for: (1) unreported contributions to the District 6 Pension Plan in the amount of $6,628.91, plus interest and liquidated damages thereon; (2) unreported contributions to the District 6 Health Plan in the amount of $57,459.15, plus interest and liquidated damages thereon; and (3) audit costs in the amount of $5,925.00; and

**WHEREAS**, after the lawsuit was filed, C.S. Brown continued to dispute the audit findings; and

**WHEREAS**, based on the parties' desire to resolve the lawsuit, the parties reviewed the issues arising in connection with the audit findings; and

**WHEREAS**, the central issues of C.S. Brown's dispute were based on the following allegations: (1) the Plans' auditors assessment against C.S. Brown for a $310 monthly District 6 Health Plan contribution rate after January 2005 (prior to January 2005, unit members with at least two years' tenure received HIP coverage for which C.S. Brown paid $310 per month, and

all other members received the self-insured plan for which C.S. Brown paid $175); (2) the incorrect inclusion under the audit of C.S. Brown employees J. Reyes, S. Maldonado, and E. Pastor; (3) the Plans' auditor's assessment against C.S. Brown for contributions commencing from the employees' dates of hire when the CBA provided for a 90-day tryout period; and (4) amounts totaling $6,662.80 representing the sum of contributions, plus additional amounts for interest accrued, remitted on behalf of employees for retirement plan benefits which had been paid to, and subsequently refunded by, the Union to C.S. Brown; and

**WHEREAS**, deficiencies assessed for unpaid contributions under the District 6 Pension Plan component of the audit confirmed that C.S. Brown does not owe a greater amount than the sum total (plus additional amounts representing interest accrued) its attorneys are holding in escrow in an interest-bearing account; and

**WHEREAS**, pursuant to applicable IRS rules and regulations, which the parties agreed had to be taken into account for lawful adjustment to the deficiencies assessed for unpaid contributions under the District 6 Pension Plan component of the audit, a negative interest rate of -2.1686% was applied to the assessed deficiencies for unpaid contributions owed to the District 6 Pension Plan; and

**WHEREAS**, C.S. Brown acknowledges and agrees that, to reach an amicable settlement, it will pay the District 6 Pension Plan for $356.20, which is the sum to be deducted from the $6,312 total adjusted deficiency after application of the negative interest rate (as set forth in the spreadsheet annexed hereto as Exhibit A); and

**WHEREAS**, the District 6 Pension Plan agrees to distribute to each of the individuals named in Exhibit A, attached hereto, payments totaling $6,662.80, which is the amount of the

3

corpus being held in escrow on their behalf by C.S. Brown's attorneys to which the individuals named in Exhibit A attached hereto are entitled; and

**WHEREAS**, the District 6 Plans and C.S. Brown acknowledge and agree that the deficiencies assessed under the Health Plan component of the audit would be revised to reflect that: (1) deficiencies for a $310 monthly District 6 Health Plan contribution rate after January 2005 were incorrectly assessed; (2) hours attributable to J. Reyes and E. Pastor were incorrectly assessed; (3) hours attributable to S. Maldonado were correctly assessed; (4) deficiencies for covered employees' first 90 days of employment were incorrectly assessed; and (5) the amount of $1,100.00 paid by C.S. Brown had not been credited; and

**WHEREAS**, the resulting revised deficiencies owed to the District 6 Health Plan during the Relevant Audit Period total $14,383.52, consisting of $10,250 for unpaid contributions and interest thereon in the amount of $4,133.52; and

**WHEREAS**, C.S. Brown acknowledges for the purpose of reaching an amicable settlement that it does not dispute that it is liable to the District 6 Health Plan for revised deficiencies owed to the Plan in the amount of $14,382.52 for the Relevant Audit Period; and

**WHEREAS**, audit costs in the total amount of $7,950.01 were incurred by the District 6 Plans in connection with the C.S. Brown audit covering the Relevant Audit Period, as follows: $7,381.77 in audit costs owed to the District 6 Health Plan and $568.24 in audit costs owed to the District 6 Pension Plan; and

**WHEREAS**, C.S. Brown disputes that it is liable to the District 6 Plans for the audit costs of $7,950.01 incurred in connection with the audit covering the Relevant Audit Period on the basis that its collective bargaining agreement provides, *inter alia*, that audit costs shall be borne by the Plans; and

**WHEREAS**, attorneys' fees in the total amount of $4,161.50 were incurred by the District 6 Plans in connection with recovery of the delinquent contributions under the payroll audit of C.S. Brown for the Relevant Audit Period; and

**WHEREAS**, C.S. Brown acknowledges and, for the purposes of settlement, does not dispute the attorneys' fees in the total amount of $4,161.50 which were incurred by the District 6 Plans in connection with the payroll audit and litigation; and

**WHEREAS**, the parties herein desire to resolve this lawsuit; and

**WHEREAS**, C.S. Brown has executed a Consent Judgment running in favor of the District 6 Plans and their Trustees and the executed Consent Judgment has been deposited with Charles R. Virginia, Esq. of Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC (hereinafter, the "Escrow Agent") to be held in escrow by him pursuant to the terms and conditions of this Agreement;

**NOW, THEREFORE**, it is mutually agreed by and among the parties as follows:

1. C.S. Brown agrees to pay, in full and final settlement of the audit findings, the sum of $29,539.02 to the District 6 Plans, representing payment of the following:

    a. $14,383.52 in full satisfaction of the contributions and interest owed to the District 6 Health Plan pursuant to the revised audit findings covering the Relevant Audit Period;

    b. $3,975.00 in full satisfaction of the audit costs owed to the District 6 Plans;

    c. $4,161.50 in full satisfaction of the attorneys' fees and costs which were incurred by the District 6 Plans in connection with the Funds' payroll audit and litigation covering the Relevant Audit Period; and

    d. $6,662.80, which is the full amount of the corpus being held in escrow to which the individuals named in Exhibit A are entitled, plus the negative interest rate as set forth in Exhibit A attached hereto amounting to $356.20.

2. <u>Payment Schedule</u>: C.S. Brown agrees to pay the total amount of $29,539.02 over a five-month period, as follows:

    a. $7,019 made payable to the "District 6 Pension Plan" on or before September 5, 2008;

    b. $7,191.76 made payable to the "District 6 Health Plan" on or before September 15, 2008;

    c. $7,191.76 made payable to the "District 6 Health Plan" on or before October 15, 2008;

    d. $3,975.00 made payable to the "District 6 Health Plan General Account" on or before November 15, 2008; and

    e. $4,161.50 made payable to the "District 6 Health Plan Escrow Account" on or before December 15, 2008.

3. The payments provided for in this Agreement shall be transmitted to Charles R. Virginia, Esq., Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC, Trinity Centre, 111 Broadway, Suite 1403, New York, New York 10006, on or before the due date indicated in Paragraph 2.

4. The District 6 Pension Plan agrees to distribute to each of the individuals named in Exhibit A, attached hereto, the full amount of the corpus being held in escrow on their behalf.

5.    C.S. Brown has deposited with the Escrow Agent a Consent Judgment for the total amount owed to the District 6 Plans as set forth in Paragraph 1 which shall be held in escrow by the Escrow Agent pending any default of any of the provision of this Agreement.

6.    In the event payment is not made on the date such payment becomes due pursuant to Paragraph 2 of this Agreement, the District 6 Plans or their authorized agent(s) shall mail via certified-mail return receipt requested or deliver a notice of such default addressed to: Andrew Boden, C.S. Brown, Inc., 12 East Tremont Avenue, Bronx, New York 10453 and Paul Galligan, Esq., Seyfarth Shaw LLP, 620 Eighth Avenue, Suite 3200, New York, New York 10018, unless C.S. Brown shall have notified the Escrow Agent in writing of another address for the giving of such notice. Such default may be cured by making payment then due to the District 6 Plans within ten (10) business days of receipt of the notice of default. If the payment is not received by the District 6 Plans by the conclusion of the grace period, C.S. Brown will be deemed to be in default under this Agreement and the entire balance then due and owing shall be accelerated immediately without further notice to C.S. Brown. Upon default, the Escrow Agent shall be empowered to file the aforementioned Consent Judgment in any Court of competent jurisdiction without notice to C.S. Brown.

7.    Upon the filing of the Consent Judgment as aforesaid, the District 6 Plans shall be entitled to utilize all collection procedures available to collect such remaining indebtedness. If collection procedures are employed by the District 6 Plans, C.S. Brown shall pay all costs of collection, including any and all principal amounts owed, plus amounts owed for interest, liquidated damages, audit fees and attorneys' fees and costs due hereunder.

8.    By execution of this Agreement, C.S. Brown acknowledges that, at all relevant times, J. Reyes and E. Pastore were not covered under the District 6 Health Plan. Further, C.S.

Brown acknowledges that, at all relevant times, the District 6 Health Plan did not have any duty to pay J. Reyes and E. Pastore any benefits.

9. C.S. Brown certifies that the information contained in Exhibit A, annexed hereto, is correct and complete, and that no other employees or ex-employees of C.S. Brown are owed benefits from the District 6 Plans for work performed during the audit period.

10. By execution of this Agreement, C.S. Brown agrees to hold harmless, defend and indemnify the District 6 Plans, their Trustees, fiduciaries and the Independent Fiduciary from any and all liability resulting from, or in any manner arising out of, the denial by the Plans of any claims made by any C.S. Brown employee for Health and Pension Plan benefits for which corresponding contributions were not paid by CS Brown.

11. C.S. Brown, its affiliates, predecessors, successors, assigns, officers, directors, attorneys, agents, legal representatives, employees, past, present and future, agree to release the Plaintiffs, their Trustees, fiduciaries, Independent Fiduciary, affiliates, predecessors, successors, assigns, officers, directors, attorneys, agents, legal representatives, employees, past, present and future, and each of them from any and all actions, complaints, causes of action, claims, promises, obligations, losses, demands, damages, expenses, fees, attorneys' fees or costs and any and all liabilities relating to the delinquent contributions due and owing by C.S. Brown to the District 6 Plans as set forth herein.

12. Plaintiffs, their trustees, fiduciaries, Independent Fiduciary, affiliates, predecessors, successors, assigns, officers, directors past present and future, and each of them agree to release C.S. Brown from any and all actions, complaints, causes of action, claims, promises, obligations, losses, demands, damages, expenses, fees, attorneys' fees or costs and any

and all liabilities relating to any obligations C.S. Brown had or has to the District 6 Pension Plan or Health Plan limited to the Relevant Audit Period (January 1, 2003 through October 31, 2005).

13. The District 6 Plans shall not waive any rights under this Agreement by the failure to exercise their rights under this Agreement, in whole or in part thereof at any time.

14. This Agreement contains all the conditions and terms agreed upon by the parties.

15. Each party has entered into this Agreement after negotiation in good faith and warrants that it has negotiated this Agreement in good faith.

16. This Agreement can only be altered, amended or modified by a written instrument executed by the parties hereto.

17. Any notice required to be given hereunder shall be sent by certified mail return receipt requested.

18. This Agreement may be signed in counterparts.

**IN WITNESS WHEREOF**, and intending to be legally bound thereby, the parties have executed this Agreement this 27th day of August 2008.

Dated: August 27, 2008

**DISTRICT 6 HEALTH PLAN**
**DISTRICT 6 PENSION PLAN**

By: *Larry Magarik*
Larry Magarik, Independent Fiduciary,
on behalf of the District 6 Health Plan
and District 6 Pension Plan

Dated: August 27, 2008

**DISTRICT 6 HEALTH PLAN**
**DISTRICT 6 PENSION PLAN**

By: *Michael Balletto*
Michael Balletto, Trustee on behalf
of the District 6 Health Plan and
District 6 Pension Plan

Dated: August 19, 2008

C.S. BROWN, INC.

By: _____
Name: Michael Harbater
Title: President

STATE OF NEW YORK )
COUNTY OF  Bronx  )ss.:

On the 19 day of August 2008, before me personally came Michael Harbater to me known, who, by me duly sworn, did depose and say that deponent has its principal place of business located at 12 East Tremont Ave, Bronx, NY, that deponent is the President [Title] of , the corporation described herein and which executed the foregoing Settlement Agreement on behalf of C.S. BROWN, INC. and was authorized to do so, that deponent knows the seal of the corporation, that the seal affixed to the Settlement Agreement was affixed by the order of the board of the corporation, and that deponent signed deponent's name by like order.

_____
Notary Public

JENNIFER J BODEN
Notary Public, State of New York
No. 02BO6182281
Qualified in Bronx County
Commission Expires 2/25/2012

**ENTERED:**

Dated: 8/19/08

_____
U.S.D.J.

U:\Winword Documents\District 6 Benefit Funds\Collections\CS Brown\May 2008 Stipulation of Settlement w consent judgment provision.doc

10

EXHIBIT A

| | A | C | AU | AV | AW | AY | BA | BB | BC | BD | BE | BF | BG | BH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | C.S. BROWN CO. INC. | | | | | | | | | | | | | |
| 2 | CONTRIBUTIONS FOR PARTICIPANTS | | | | | | | | | | | | | |
| 3 | 2003 | | | | | | | | | | | | | |
| 4 | | | | | | | | | | | | | | |
| 5 | | | | | Total | | | Int: -2.1686% | | | | | Factor | 0.9473 |
| 6 | Employee | | | | Contribution | | | | | $6,663 | | | $5,589 | $6,312 |
| 7 | | | | | | | | | | | | | | |
| 8 | | | | | | | | Participati | Post-term'n | | Participati | Accumula | Account | Pure |
| | | | | | | | | on | Accumulati | Total | on | tion | (rec'd | pro-rated |
| 9 | Name | Social Security # | # of Weeks | Rate | Amount | Year of Entry | Year of Term | Period | on Period | Contrib'ns | Factor | Factor | basis) | Account |
| 10 | Rivera, Manuel | 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 | 4.00 | $4/Week | 545.60 | 2003 | 2003 | 3 | 3 | 545.60 | 0.9891 | 1.0000 | $540 | $517 |
| 11 | Maldonado, Santos | 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 | 4.00 | $4/Week | 160.00 | 2003 | 2003 | 3 | 3 | 160.00 | 0.9891 | 1.0000 | 158 | $152 |
| 12 | Martinez, Efrain | 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 | 4.00 | $4/Week | 539.10 | 2003 | 2003 | 3 | 3 | 539.10 | 0.9891 | 1.0000 | 533 | $511 |
| 13 | Boutte, Oliver | 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 | 4.00 | $4/Week | 240.00 | 2003 | 2003 | 3 | 3 | 240.00 | 0.9891 | 1.0000 | 237 | $227 |
| 14 | Pastor, Edwin | 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 | 4.00 | $4/Week | 502.40 | 2003 | 2003 | 3 | 3 | 502.40 | 0.9891 | 1.0000 | 497 | $476 |
| 15 | Cruz, Jerry | 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 | 4.00 | $4/Week | 546.30 | 2003 | 2003 | 3 | 3 | 546.30 | 0.9891 | 1.0000 | 540 | $518 |
| 16 | Torres, Angelo | 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 | 4.00 | $4/Week | 549.60 | 2003 | 2003 | 3 | 3 | 549.60 | 0.9891 | 1.0000 | 544 | $521 |
| 17 | Esquilin, Ricardo | 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 | 4.00 | $4/Week | 175.30 | 2003 | 2003 | 3 | 3 | 175.30 | 0.9891 | 1.0000 | 173 | $166 |
| 18 | Romero, Hamlet | 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 | 4.00 | $4/Week | 548.20 | 2003 | 2003 | 3 | 3 | 548.20 | 0.9891 | 1.0000 | 542 | $519 |
| 19 | Maldonado, Henry | 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 | 4.00 | $4/Week | 255.00 | 2003 | 2003 | 3 | 3 | 255.00 | 0.9891 | 1.0000 | 252 | $242 |
| 20 | Sanchez, Neftali | 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 | 4.00 | $4/Week | 144.00 | 2003 | 2003 | 3 | 3 | 144.00 | 0.9891 | 1.0000 | 142 | $136 |
| 21 | Daniels, Kaylee | 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 | 4.00 | $4/Week | 548.10 | 2003 | 2003 | 3 | 3 | 548.10 | 0.9891 | 1.0000 | 542 | $519 |
| 22 | Otero, Efrain | 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 | 4.00 | $4/Week | 224.00 | 2003 | 2003 | 3 | 3 | 224.00 | 0.9891 | 1.0000 | 222 | $212 |
| 23 | Osorio, Raymond | 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 | 4.00 | $4/Week | 528.50 | 2003 | 2003 | 3 | 3 | 528.50 | 0.9891 | 1.0000 | 523 | $501 |
| 24 | Gonzalez, Raymond | 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 | 4.00 | $4/Week | 144.00 | 2003 | 2003 | 3 | 3 | 144.00 | 0.9891 | 1.0000 | 142 | $136 |
| 25 | Gerena, Edwin | | | | 64.00 | | | | | 64.00 | | | | $61 |
| 26 | Colledo, Eduardo | | | | 478.70 | | | | | 478.70 | | | | $453 |
| 27 | Emeric, Jaime | | | | 191.20 | | | | | 191.20 | | | | $181 |
| 28 | Dominguez, Edison | | | | 126.10 | | | | | 126.10 | | | | $119 |
| 29 | Nunez, Luigi | | | | 42.60 | | | | | 42.60 | | | | $40 |
| 30 | Martinez, Willie | | | | 35.20 | | | | | 35.20 | | | | $33 |
| 31 | Inigo, Philip | | | | 34.40 | | | | | 34.40 | | | | $33 |
| 32 | Diaz, Armando | | | | 18.10 | | | | | 18.10 | | | | $17 |
| 33 | Lopez, Eduardo | | | | 22.40 | | | | | 22.40 | | | | $21 |
| 34 | | | | | 6,662.80 | | | | | 6,663 | | | 6,589 | $0 |
| | | | | | | | | | | | | | | 6,312 |